IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

SEP 15 2000

| | |
|---|---|
| JOHN H. LARY, JR., M.D., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NUMBER |
| | ) |
| SECRETARY OF HEALTH AND HUMAN | ) 99-C3144-NE |
| SERVICES, and | ) |
| | ) |
| KENNETH S. APPEL, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION GRANTING MOTION TO DISMISS**

Plaintiff John R. Lary filed this case on November 24, 1999, alleging jurisdiction under "the Privacy Act of 1974, 5 U.S.C. §552a *et seq.* and upon the First, Fourth, Fifth, and Ninth Amendments of the United States Constitution." Complaint, p. 1. The core of Plaintiff's complaint is that because he failed to disclose to Blue Cross Blue Shield of Alabama (BC-BS) the confidential medical records of his patients, it has withheld some $100,000 in Medicare reimbursements to which he is entitled. Plaintiff is a provider of medical services under the Medicare Act. BC-BS, a non-party, is a Medicare carrier responsible for administering the Medicare program for the defendant Secretary of the Department of Health and Human Services ("HHS"). The Commissioner of Social

Security ("the Commissioner") is also named as a defendant.

The defendants have moved to dismiss the case. Based on the discussion which follows, the motion is due to be granted.

## I.

The Medicare program provides health insurance for the aged and disabled. Social Security Amendments of 1996, Pub. L. No. 89-97. "Part A" of the program provides insurance for inpatient hospital and related post-hospital services. 42 U.S.C. §§ 1395c, 1395dd. "Part B" establishes a voluntary program of supplementary medical insurance which covers doctors' charges and other medical services. 42 U.S.C. § 1395k, 1395l, and 1395x(s).

Under Medicare's Part B Program and applicable regulations, a provider of medical services, such as Plaintiff, who is dissatisfied with the determination of a carrier, such as BC-BS, may appeal the carrier's initial decision to a hearing officer designated by the carrier if the amount in dispute exceeds $100. 42 C.F.R. §§ 405.81(a), 405.815. Following the carrier review, a provider is entitled to a hearing before an administrative law judge (ALJ) if the disputed amount is $500 or more. If the provider is dissatisfied with the decision of the ALJ, then he may appeal to the Department Appeals Board ("DAB"). Following the action of the DAB, the provider may then file suit in federal court if the amount remaining in controversy is at least $100.00. 42 C.F.R. § 405.857.

The Medicare Act, at 42 U.S.C. § 1395ii, incorporates Section 405(h) of the Social Security Act, 42 U.S.C. §§ 405(h) which provides that

> No finding of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover any claim arising under this subchapter.

Judicial review of claims arising under the Medicare Act is precluded unless the provider has complied with the procedures set forth in the Act. More specifically, a provider first must exhaust his administrative remedies before seeking judicial review. *Id.*; *See also Shalala v. Illinois Council on Long Term Care, Inc.* __ U.S. __, 120 S. Ct. 1084, 1089 (2000); *American Academy of Dermatology v. DHHS*, 118 F.3D 1495 (11th Cir. 1997).

In 1998, Plaintiff did not receive any carrier review, ALJ, or a DAB decisions on any claims which he may have submitted. In 1999 and 2000, he received approximately sixty-one ALJ decisions; but the adverse decisions were not appealed to the DAB. Between October 1, 1999, and June 23, 2000, Plaintiff received four carrier decisions; but they were not appealed to an ALJ.

The court judicially notices its own records. In *John N. Lary, Jr., M.D. v. Secretary of Health and Human Services,* (CV-93-B-2412-NE, N.D. Ala., Memorandum Opinion dated September 28, 1995), this court wrote:

> This case arises out of two disputes between the plaintiff and Blue Cross and Blue Shield of Alabama concerning alleged overpayment for services rendered to Medicare beneficiaries. These disputes were docketed in the Social Security Administration's Officer of Hearings and Appeals as Docket Number 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 and Docket Number 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.

p. 1. In his complaint, Plaintiff alleges that he "has instituted administrative appeal actions to over-rule the illegal withholding of its agent, Blue- Cross Blue Shield of Alabama. Said administrative appeal actions have been docketed as [sic] SSA docket numbers 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 and 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. Complaint, p. 4 ¶ 12.

### III.

On these facts, it is clear that Plaintiff has failed to exhaust his appeal remedies provided under the Medicare Act. He has offered no justification for having failed to do so.

Plaintiff's Privacy Act claims are nothing more than old wine in a new bottle. His tort claim and his constitutional claims are all inextricably intertwined with his Medicare Act claims - which he either has failed to exhaust or he has already litigated in this court. As to the later claims, they are obviously barred by the doctrine of *res judicata*, and Plaintiff does not contend otherwise. *Heckler v. Ringer*, 466 U.S. 602 (1984); *American Academy, supra*.

### Conclusion

Because judicial review is forbidden by law, by separate order the defendant's Motion to Dismiss will be dismissed.

DONE this 14th day of September, 2000

Chief United States District Judge
U.W. Clemon

4